IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
SANITA GLOBAL LTD.,                          :
                                             :
                        Petitioner,          :   Civil Action No. 1:16-cv-01392
                                             :
         - v -                               :
                                             :
UNITED STATES OF AMERICA,                    :   **Sanita Global Ltd.'s Petition to**
                                             :   **Quash Summons**
                        Respondent.          :
                                             :
---------------------------------------------------------------- X

## PETITION TO QUASH SUMMONS

Petitioner, Sanita Global Ltd. (Petitioner or "Sanita") hereby petitions this Court, pursuant to 26 U.S.C. § 7609(b)(2), to quash a third-party summons served by the Internal Revenue Service ("IRS") upon JP Morgan Chase Bank New York demanding certain bank records and information purportedly related to the Matter of the Russian Federation Income Tax Liabilities of ███████████ a Russian taxpayer. In support of its Petition, Sanita alleges as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction over this proceeding pursuant to 26 U.S.C. § 7609(h)(1) and 28 U.S.C. §§ 1331 and 1340. This Petition is timely filed under 26 U.S.C. § 7609(b)(2)(A).

2. JP Morgan Chase Bank New York, the summons party, is being served with a copy of this Petition as required under 26 U.S.C. § 7609(b)(2)(B), and therefore should not produce the records and information at issue prior to the conclusion of this proceeding. *See* 26 U.S.C. § 7609(d)(2).

3. Once a Petition to Quash a summons is timely filed pursuant to 26 U.S.C. § 7609(b)(2), the IRS is prohibited from examining any records demanded in such summons until the conclusion of the proceeding. *See* 26 U.S.C. § 7609(d)(2).

## VENUE

4. The IRS administrative summons at issue was served upon JP Morgan Chase Bank New York at 2875 Broadways, New York, NY 10025 ("Chase Bank"). Accordingly, venue is proper in the United States District Court for the Southern District of New York.

## PARTIES

5. **Petitioner.** Petitioner is a British Virgin Island Corporation and named in the third-party summons dated February 1, 2016 (the "Summons"). A true and correct copy of the Summons is attached to this Petition as *Exhibit A*. Petitioner's mailing address is ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Petitioner is entitled to notice of the Summons under 26 U.S.C. § 7609(a), and is entitled to file this Petition under 26 U.S.C. § 7609(b)(2).

6. **Respondent.** Respondent is the United States of America. Laurentina Atherley, International Tax Law Specialist, served the Summons on Chase Bank on behalf of the IRS (the "IRS Representative").

## THE SUMMONS

7. The Summons purports to relate to the Matter of the Russian Federal Authority Income Tax Liabilities of ▬▬▬▬▬▬▬▬▬▬▬▬ and, on its face appears to have been served by the IRS Representative at the request of a Russian Federation official pursuant to Article 25 of the United States-Russian Federation Income Tax Convention (the "Convention").

2

▮, a Russian entity headquartered in ▮, Russia, is one of the ▮ ▮ in Russia and is the ▮.

8.  The Summons was apparently served on Chase Bank on February 1, 2016, and demands production of: (1) documents and information related to outgoing and incoming transactions for Petitioner that were between ▮ ▮ and performed by Chase Bank during the period of January 1, 2006 through December 31, 2013; and (2) information about the "beneficiary owners" of any Sanita bank accounts opened at ▮

## THE SUMMONS IS NOT ENFORCEABLE

9.  To be enforceable, a summons issued by the IRS must satisfy the standard set forth in *United States v. Powell*, 379 U.S. 48 (1964). In *Powell*, the United States Supreme Court set forth four threshold requirements that the IRS must establish to enforce an IRS summons:

   (1) the investigation must be conducted for a legitimate purpose;

   (2) the information sought must be relevant to that purpose;

   (3) the IRS must not already possess the information; and

   (4) all required administrative steps must have been taken.

*See United States v. Clarke*, 134 S. Ct. 2361, 2365 (2014). This same standard applies whether the summons is issued pursuant to an investigation initiated by the IRS or one initiated at the request of a foreign tax authority. *See Barquero v. United States*, 18 F.3d 1311, 1316 (5th Cir. 1994).

10. The IRS has not satisfied the *Powell* requirements.

11.     Upon information and belief, the request by the Russian Federation for records and information in the Summons appears to have been motivated by political and economic reasons in connection with an attempt to gain control of ▮▮▮ the Russian taxpayer that purportedly is under investigation by the Russian Federation, rather than for any legitimate tax enforcement purposes.

12.     Commentators and at least one court have noted that powerful Russian nationals (known as "reideri") have adopted "reiderstvo," a form of malicious corporate raiding, whereby illegitimate means, such as commencing fraudulent judicial or administrative proceedings, will be used to gain control and ownership of a competitor's business. *See Exhibit B*, Russian Analytical Digest No. 105, December 5, 2011; *Exhibit C*, 42 Thomas Firestone, *Criminal Corporate Raiding in Russia*, The International Lawyer pp. 1207-1229 (No. 4 Winter 2008); *Rigroup LLC, et al. v. Trefonisco Management Limited, et. al.*, 949 F. Supp. 2d 546 (S.D.N.Y. 2013) (describing the practice of "corporate raiding" in Russia, which "generally involves the falsification of corporate records, the theft of companies and assets, and the use of the criminal justice system to bring false charges against target companies and controlling owners").

13.     According to one commentator, when the target of reiderstvo is located outside Russia, there have been examples of Russian officials initiating fraudulent intergovernmental requests, including information requests pursuant to income tax treaties. *See* Exhibit D, Dr. Andrew Foxall, *The Long Arm of Vladimir Putin: How the Kremlin Uses Mutual Legal Assistance Treaties to Target its Opposition Abroad*, Russia Studies Centre, Policy Paper No. 5 (2015) (In these instances, "the Kremlin is able to freely fabricate court cases in Russia and then request the cooperation of Western countries in those cases.").

14. Upon information and belief, the Summons, which purports to relate to an investigation by the tax authority of Russia, results from an ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and is not related to a legitimate tax enforcement purpose. Other similar attempts have been made to utilize local judicial remedies and/or seek information and documents with respect to ▮▮▮, its corporate officers, directors, and shareholders, which include:

    a. The Russian Federation made a request relating to bank records and information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ pending a hearing to explore the legitimacy of the Russian Federation's requests.

    b. The Russian Federation made extradition requests to ▮▮▮▮▮ for ▮▮▮▮▮▮▮▮. In denying the extradition requests, ▮▮▮▮▮▮▮▮ found that the evidence of alleged unlawful conduct was "naive" and "superficial" and that the requests were politically motivated.

[redacted paragraph]

15. Under Article 25 of the Convention (entitled "Exchange of Information"), the Russian Federation competent authority may make information requests to the IRS concerning taxes covered by the Convention, which include various civil taxes imposed by the United States and the Russian Federation. *See* Convention Art. 25 ¶ 1, Art. 2 ¶ 1. Such a request for information, however, may not be honored if the information requested is not obtainable under or is otherwise at variance with the laws and administrative measures of the United States or the

Russian Federation. *See* Convention Art. 25 ¶ 2. Additionally, when a request is made by the Russian Federation, the United States may only obtain information to which the request relates "in the same manner and to the same extent as if" the tax was imposed by the United States. *See* Convention Art. 25 ¶ 3.

16.   The IRS may not enforce a summons when the information sought will not be in furtherance of a legitimate purpose (i.e., a civil tax investigation). *See* 26 U.S.C. § 7602(d)(1). A summons may not be used for improper purposes, "such as to harass the taxpayer or to put pressure on him to settle a collateral dispute." *See Powell*, 379 U.S. at 58 ("Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle collateral disputes, or for any other purpose reflecting on the good faith of the particular investigation.").

17.   Upon information and belief, the bank records demanded in the Summons were not requested by the Russian Federation for a legitimate purpose, in violation of the limitations set out in 26 U.S.C. 7602(d), which limits the use of IRS administrative summons to enforce civil tax matters, and the limitations set out in the Convention, which limit information sharing to those specific civil taxes set out in Article 2 of the Convention. Such harassing intent constitutes abuse and is an improper purpose in violation of the first prong of the *Powell* standard.

18.   Under the terms of the Convention, the IRS may only honor treaty requests to the extent the tax would otherwise be assessable and collectable under the Internal Revenue Code (the "Code"). Under the Code, the IRS must assess income tax within three years after the tax return is filed. *See* 26 U.S.C. § 6501(a). The Summons relates to the Russian Federation's purported investigation of ███████████████████████████████ Upon information and belief, the statute of limitations for the IRS to assess and collect ███

██████████████████████████████████████████████████ Accordingly, the Petition to Quash with respect to those years should granted for this reason alone.

19.    Under 26 U.S.C. § 7602(c)(1), the IRS may not contact "any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with other persons other than the taxpayer may be made." Under 26 U.S.C. § 7609(a), the IRS must serve notice of a summons on "any person who is identified in the summons." 26 U.S.C. § 7609(a). Thus, notice must be given to everyone identified in the summons, whether or not they are the subject of an IRS's or a foreign tax authority's investigation.

20.    We are unaware whether the IRS has failed to provide reasonable notice to ███ prior to serving the Summons on third parties, Chase Bank and Petitioner. In such a case, the IRS has failed to comply with the notice requirements set out in 26 U.S.C. §§ 7602(c)(1), 7609(a) when it served the Summons on Petitioner. When the IRS has not complied with the required administrative steps to issue a summons, the summons should be quashed. *See e.g., Harpole v. United States*, No. A00-228, 2001 WL 363104, at *2 (D. Al. Feb. 13, 2001).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court grant the following relief:

1. Petitioner requests that this Court enter an ordering quashing the Summons, awarding Petitioner for attorneys' fees and costs incurred in connection with this Petition, and for such relief as is just and equitable; or

2. In the alternative, Petitioner requests an order scheduling an evidentiary hearing to determine if the IRS has satisfied the *Powell* requirements for enforcement of the Summons.

Dated: New York, New York
       February 24, 2016

Respectfully Submitted,

DLA PIPER LLP (US)

Ellis L. Reemer
1251 Avenue of the Americas
27th Floor
New York, NY 10020
Tel: (212) 335-4980
Fax: (212) 884-8680
ellis.reemer@dlapiper.com

Michael J. Scarduzio
1251 Avenue of the Americas
27th Floor
New York, NY 10020
Tel: (212) 335-4794
Fax: (212) 884-8448
michael.scarduzio@dlapiper.com

*Counsel for Sanita Global Ltd.*